E-filing



1  PAUL L. REIN, Esq., (SBN 43053)
   JULIE A. OSTIL, Esq., (SBN 215202)
2  LAW OFFICES OF PAUL L. REIN
   200 Lakeside Drive, Suite A
3  Oakland, CA 94612
   Telephone: 510/832-5001
4  Facsimile:   510/832-4787

5  Attorneys for Plaintiff
   JEAN RIKER

6

7

8              UNITED STATES DISTRICT COURT
9            NORTHERN DISTRICT OF CALIFORNIA

10

11  JEAN RIKER,                          CASE NO.
                                         Civil Rights    C07-04616
12        Plaintiff,

13  v.                                   **COMPLAINT FOR PRELIMINARY
                                         AND PERMANENT INJUNCTIVE
14                                       RELIEF AND DAMAGES: DENIAL
                                         OF CIVIL RIGHTS AND ACCESS TO
15  FRIENDLY CAB COMPANY,                PUBLIC FACILITIES TO
    INC; FRIENDLY                        PHYSICALLY DISABLED PERSONS,
16  TRANSPORTATION dba                   AND PER CALIFORNIA STATUTES
    FRIENDLY CAB COMPANY;                (INCLUDING CIVIL CODE §§ 51, 52,
17  BALJIT SINGH; SURINDER K.            54, 54.1, 54.3, AND §55); INJUNCTIVE
    SINGH; KEVIN ITO; JOHN DOE           RELIEF PER TITLE III, AMERICANS
18  1; and DOES 2-10, Inclusive,         WITH DISABILITIES ACT OF 1990**

19        Defendants.
                                    /    **DEMAND FOR JURY TRIAL**
20

21        Plaintiff JEAN RIKER complains of Defendants FRIENDLY CAB

22  COMPANY, INC; FRIENDLY TRANSPORTATION dba FRIENDLY CAB

23  COMPANY; BALJIT SINGH; SURINDER K. SINGH; KEVIN ITO; JOHN DOE

24  1; and DOES 2-10, Inclusive, and each of them, and alleges as follows:

25

26  1.    **INTRODUCTION:**    This lawsuit seeks to end a policy by

27  Friendly Cab Company of discriminating against disabled wheelchair users,

28  including plaintiff Jean Riker, by illegally charging disabled wheelchair users a

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-2503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -1-    S:\SLR\FRIENDLY CAB\PLEADINGS\FRIENDLYCAB.CMP.wpd

GO 44 SEC. N
NOTICE OF ASSIGNMENT TO MAGISTRATE JUDGE SENT

1 higher taxi fare rate than for other persons. At all times herein mentioned, and
2 continuing, defendants charge disabled wheelchair users a mandatory minimum
3 $28 fare even for a short local trip for which a non-disabled patron would be
4 charged only $5. Plaintiff Jean Riker is a "person with a disability" or
5 "physically handicapped person." Plaintiff is hemiplegic and requires the use of a
6 motorized wheelchair for locomotion and is unable to use portions of public
7 transportation services offered to the general public which are not accessible to
8 disabled persons who require the use of a wheelchair. On July 10, 2007, plaintiff
9 was denied her rights to full and equal access as a paying customer of this taxi cab
10 company, by these defendants, and each of them, and was denied her civil rights
11 under both California law and federal law, as hereinbelow described, because
12 defendants' policies and practices denied full and equal access to physically
13 disabled persons who use wheelchairs, and specifically discriminated against all
14 such persons, including plaintiff. Plaintiff seeks injunctive relief to require
15 defendants to cease their discriminatory policies and practices as to disabled
16 persons and to ensure that any disabled person who attempts to use defendants'
17 taxi cabs or taxi vans will be provided equal transportation services and rates to
18 those provided to non-disabled persons. Plaintiff also seeks recovery of damages
19 for her discriminatory experience, and denial of her civil rights, which denial is
20 continuing as a result of defendants' continued failure and refusal to provide
21 equal transportation services and rates to disabled persons. Plaintiff also seeks
22 recovery of reasonable attorney fees, litigation expenses and costs, according to
23 statute.

24     2.    **JURISDICTION:** This Court has jurisdiction of this action
25 pursuant to 28 USC §1331 for violations of the Americans with Disabilities Act
26 of 1990, 42 USC 12101, *et seq*. Pursuant to pendant jurisdiction, attendant and
27 related causes of action arising from the same facts are also brought under
28 California law, including but not limited to violations of California Civil Code §§

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          -2-          S:\SLR\FRIENDLY CAB\PLEADINGS\FRIENDLYCAB.CMP.wpd

1  51, 52, 54, 54.1, 54.3 and 55.

2     3.   **VENUE:** Venue is proper in this court pursuant to 28 USC 1391(b)
3  and is founded on the fact that the business and transportation services which are
4  the subject of this action are located in this district and that plaintiff's causes of
5  action arose in this district.

6     4.   **INTRADISTRICT:** This case should be assigned to the
7  Oakland/San Francisco intradistrict as the business and transportation services
8  which are the subject of this action are located in this intradistrict and plaintiff's
9  causes of action arose in this intradistrict.

10     5.   **PARTIES:** Plaintiff is a qualified physically disabled person who
11  cannot walk and who requires use of a motorized wheelchair for locomotion.
12  Defendants FRIENDLY CAB COMPANY, INC; FRIENDLY
13  TRANSPORTATION dba FRIENDLY CAB COMPANY; BALJIT SINGH;
14  SURINDER K. SINGH; KEVIN ITO; JOHN DOE 1; and DOES 2-10, Inclusive,
15  are the owners and operators, lessors, and lessees of the taxi cabs and taxi vans
16  which provide transportation services, *inter alia*, in Oakland, California, from a
17  business address of 4849 E. 12th St., Oakland, California, and, on information and
18  belief, also provide transportation services elsewhere in the Bay Area.  The taxi
19  cabs and taxi vans owned and operated by defendants are public transportation
20  services subject to the requirements of California Civil Code §§ 51, 52, 54, and
21  54.1, and to the requirements of Title III of the Americans With Disabilities Act
22  of 1990, including but not limited to §§ 301 through 304.

23     6.   The true names and capacities of defendant John Doe 1 and
24  defendants Does 2 through 10, Inclusive, are unknown to plaintiff who therefore
25  sues said defendants by such fictitious names. Plaintiff is informed and believes
26  that each of the defendants herein designated as a Doe is legally responsible in
27  some manner for the events and happenings herein referred to and caused injury
28  and damages proximately thereby to plaintiff; plaintiff prays leave of Court to

1  amend this Complaint to show such true names and capacities when the same

2  have been ascertained.

3      7.     Defendants FRIENDLY CAB COMPANY, INC; FRIENDLY

4  TRANSPORTATION dba FRIENDLY CAB COMPANY; BALJIT SINGH;

5  SURINDER K. SINGH; KEVIN ITO; JOHN DOE 1; and DOES 2-10, Inclusive,

6  are and were the owners and/or operators, lessors and lessees of the subject

7  business and its taxi cabs and taxi vans at all times relevant to this Complaint.

8  Plaintiff is informed and believes that each of the defendants herein is the agent,

9  employee or representative of each of the other defendants, and performed all acts

10  and omissions stated herein within the scope of such agency or employment or

11  representative capacity, and/or was engaged in a joint venture or common

12  enterprise with each of the other defendants, and is responsible in some manner

13  for the acts and omissions of the other defendants in proximately causing the

14  damages complained of herein.

15

16  **FIRST CAUSE OF ACTION: DAMAGES AND INJUNCTIVE RELIEF**
**FOR DENIAL OF FULL AND EQUAL SERVICES IN PUBLIC**
17  **TRANSPORTATION CONVEYANCES**
**California Civil Code §§ 54.1 and 55**
18

19      8.     Plaintiff repleads and incorporates by reference, as if fully set forth

20  again herein, the factual allegations contained in Paragraphs 1 through 7, above,

21  and incorporates them herein by reference as if separately repled hereafter.

22      9.     Plaintiff Jean Riker and other similarly situated physically disabled

23  persons who require the use of a wheelchair are unable to use public

24  transportation conveyances on a "full and equal" basis unless they are charged no

25  higher rate than that charged to non-disabled persons for the same distance

26  traveled.  Plaintiff is a member of that portion of the public whose rights are

27  protected by the provisions of California Civil Code §§ 51 through 55.

28  //

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES      -4-      S:\SLR\FRIENDLY CAB\PLEADINGS\FRIENDLYCAB.CMP.wpd

1    10.   **FACTUAL STATEMENT:**   On or about July 10, 2007, plaintiff

2   Jean Riker, a disabled person who uses a motorized wheelchair for mobility, took

3   the Amtrak train to the "Jack London Square" Amtrak station in Oakland and

4   needed to take a taxi to her final destination in Oakland.   At the curb outside the

5   station, she found a line of taxi cabs and a "taxi van" waiting to pick up paying

6   passengers.  She boarded the taxi van in her motorized wheelchair and asked the

7   driver to take her to 19th and Jackson Streets, a distance of approximately one

8   mile.  The driver, defendant John Doe 1, told plaintiff that the charge would be

9   $28 per Friendly Cab's policy, even though the taxi's meter, on arrival at

10  plaintiff's destination, confirmed that the normal fare for a non-disabled person

11  would be approximately $5.  Plaintiff paid the driver $5 for what she felt was the

12  proper and legal fare, plus $5 as a tip, and told the driver, defendant "John Doe

13  1," that she would be taking further action in response.  Thereafter, plaintiff's

14  representative mailed a check for the full $28 claimed fare to "Friendly Cab

15  Company" to the attention of its manager, defendant Kevin Ito, and requested

16  confirmation that it was the policy of Friendly Cab Company to charge any

17  disabled wheelchair user a minimum of $28 for any taxi cab or taxi van service in

18  the City of Oakland.  Defendant Kevin Ito, acting on behalf of defendants, and

19  each of them, later confirmed this policy to plaintiff's representatives and to

20  representatives of the City of Oakland.

21    11.   The policies and practices of defendants, and each of them, in setting

22  a higher fare rate for disabled wheelchair users than for other passengers, is a

23  direct violation of California Civil Code § 54.1.  This section states, in relevant

24  part:

25    **§ 54.1. Access to public conveyances, places of public
      accommodation, amusement or resort, and housing**

26    **accommodations**

27    (a)(1) Individuals with disabilities shall be entitled to full and equal
      access, as other members of the general public, to accommodations,

28    advantages, facilities..., and privileges of all common carriers,

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001    COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES       -5-       S:\SLR\FRIENDLY CAB\PLEADINGS\FRIENDLYCAB.CMP.wpd

<u>airplanes, motor vehicles,</u> railroad trains, motorbuses, streetcars, boats, <u>or any other public conveyances or modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided)</u>... and other places to which the general public is invited, <u>subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all</u> persons....

(3) "Full and equal access," for purposes of this section in its application to transportation, means access that meets the standards of Titles II and III of the Americans with Disabilities Act of 1990 [42 USC 12101, *et seq.*] and federal regulations adopted pursuant thereto, except that, if the laws of this state prescribe higher standards, it shall mean access that meets those higher standards. [Emphasis added]

12.     Further, each and every violation of the Americans With Disabilities Act of 1990 (as pled in the Third Cause of Action hereinbelow, the contents of which are incorporated herein, word for word, as if separately repled), also constitutes a separate and distinct violation of California Civil Code §54(c), thus independently justifying an award of damages and injunctive relief pursuant to California law, including but not limited to Civil Code §§ 54.3 and 55.

13.     Further, each and every violation of the Americans With Disabilities Act of 1990 (as pled in the Third Cause of Action hereinbelow, the contents of which are incorporated herein, word for word, as if separately repled), also constitutes a separate and distinct violation of California Civil Code §54.1(d), thus independently justifying an award of damages and injunctive relief pursuant to California law, including but not limited to Civil Code §§ 54.3 and 55.

14.     **INJUNCTIVE RELIEF:** Plaintiff seeks injunctive relief to prohibit the acts and omissions, policies and practices of defendants as complained of herein which are continuing on a day-to-day basis and which have the effect of wrongfully excluding plaintiff and other members of the public who are physically disabled wheelchair users from full and equal transportation services and rates. Such acts and omissions, policies and practices are the cause of humiliation and mental and emotional suffering of plaintiff in that these acts and

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          -6-          S:\SLR\FRIENDLY CAB\PLEADINGS\FRIENDLYCAB.CMP.wpd

1  omissions, policies and practices continue to treat plaintiff as an inferior and
2  second class citizen and serve to discriminate against her on the sole basis that
3  she is a person with disabilities and requires the use of a wheelchair for
4  movement in public places. Plaintiff is unable, so long as such acts and
5  omissions, policies and practices of defendants continue, to achieve equal access
6  to and use of the subject transportation services. Plaintiff cannot use these
7  services in the future until defendants cease their discriminatory policies and
8  practices. Plaintiff alleges that she intends to patronize defendants' Friendly Cab
9  Company taxi cabs and taxi vans in the future, once proper policies and practices
10 for non-discriminatory transportation services have been provided. Plaintiff is
11 also concerned that defendants may retaliate against disabled persons by
12 providing and maintaining in service a reduced number or quality of disabled
13 accessible taxi vans and taxi cabs if plaintiff is successful in requiring that
14 defendants cease and desist from applying or enforcing their subject
15 discriminatory policies and practices, and therefore seeks to enjoin defendants
16 from this or any other retaliatory action.    Defendants' policies, practices, and
17 actions have proximately caused and will continue to cause irreparable injury to
18 plaintiff if not enjoined by this Court.

19      15.    Wherefore plaintiff asks this Court to preliminarily and permanently
20 enjoin any continuing refusal by defendants to provide full and equal access to
21 transportation services to plaintiff in the respects complained of and to require
22 defendants to cease their discriminatory policies and practices in regard to rates
23 charged to disabled wheelchair users. Such injunctive relief is provided by
24 California Civil Code §55, and other law. Plaintiff further requests that the court
25 award attorney fees, litigation expenses, and costs pursuant to California Civil
26 Code §§ 54.3 and 55, California Code of Civil Procedure §1021.5 and other law,
27 all as hereinafter prayed for.

28      16.    **DAMAGES:** As a result of the denial of equal access to public

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          -7-          S:\SLR\FRIENDLY CAB\PLEADINGS\FRIENDLYCAB.CMP.wpd

1  transportation services, and due to the acts and omissions, policies and practices
2  of defendants and each of them in owning, operating, maintaining and leasing, the
3  subject business and subject transportation services, plaintiff suffered a violation
4  of her civil rights, including but not limited to rights under Civil Code §§ 54 and
5  54.1, all to her damages per Civil Code §54.3, including damages for loss of her
6  civil rights, and mental and emotional injuries, statutory damages, and statutory
7  treble damages, as hereinafter stated.  On information and belief, prior to the
8  incidents alleged herein, defendants had actual and/or constructive knowledge
9  that their policies and practices illegally discriminated against physically disabled
10  wheelchair users, but maintained such policies and practices despite such
11  knowledge.  Their discrimination was knowingly and intentionally carried out and
12  justifies imposition of statutory treble damages as to each of them.  Defendants'
13  actions and omissions to act constitute discrimination against plaintiff on the sole
14  basis that she was and is physically disabled and must use a motorized wheelchair
15  for mobility.

16  17.    **FEES AND COSTS:**  As a result of defendants' acts, omissions, and
17  conduct, plaintiff has been required to incur attorney fees, litigation expenses, and
18  costs as provided by statute, in order to enforce plaintiff's rights and to enforce
19  provisions of the law protecting access for disabled persons and prohibiting
20  discrimination against disabled persons.  Plaintiff therefore seeks recovery of all
21  reasonable attorney fees, litigation expenses, and costs, pursuant to the provisions
22  of California Civil Code §§ 54.3 and 55.  Additionally, plaintiff's lawsuit is
23  intended to protect the public interest by compelling defendants to cease their
24  unlawful policies and practices which may impact many other disabled
25  wheelchair users, justifying "public interest" attorney fees, litigation expenses and
26  costs pursuant to the provisions of California Code of Civil Procedure §1021.5
27  and other applicable law.

28                    Wherefore plaintiff prays for relief as hereinafter stated:

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          -8-          S:\SLR\FRIENDLY CAB\PLEADINGS\FRIENDLYCAB.CMP.wpd

## SECOND CAUSE OF ACTION:
### VIOLATION OF UNRUH CIVIL RIGHTS ACT
### CALIFORNIA CIVIL CODE SECTIONS 51 AND 52,
### ON THE BASIS OF DISABILITY

18.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in Paragraphs 1 through 17, above, and incorporates them herein by reference as if separately repled hereafter.

19.     At all times herein mentioned, the Unruh Civil Rights Act, California Civil Code §51(b), provided that:

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, or medical condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

Per §51(f),

> A violation of the right of any individual under the Americans With Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section.

20.     Plaintiff suffered damages as above described as a result of defendants' violation of California Civil Code §§ 51(b) and 51(f) in multiple regards, including but not limited to violations of the ADA, as described in the Third Cause of Action, *infra*, the contents of which cause of action is incorporated herein as if separately repled. California Civil Code §52(a) provides that each such violation entitles plaintiff to "the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto..."

WHEREFORE, plaintiff prays for damages and injunctive relief as hereinafter stated.

//

//

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          -9-          S:\SLR\FRIENDLY CAB\PLEADINGS\FRIENDLYCAB.CMP.wpd

1

2

### THIRD CAUSE OF ACTION:
### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990
### 42 USC §12101*ff*

3    21.    Plaintiff repleads and incorporates by reference, as if fully set forth

4   again herein, the allegations contained in Paragraphs 1 through 20 of this

5   Complaint, and incorporates them herein as if separately repled.

6    22.    Pursuant to law, in 1990 the United States Congress made findings

7   per 42 USC §12101 regarding physically disabled persons, finding that laws were

8   needed to more fully protect "some 43,000,000 Americans [with] one or more

9   physical or mental disabilities;" that "historically, society has tended to isolate

10  and segregate individuals with disabilities;" that "such forms of discrimination

11  against individuals with disabilities continue to be a serious and pervasive social

12  problem;" that "the Nation's proper goals regarding individuals with disabilities

13  are to assure equality of opportunity, full participation, independent living, and

14  economic self-sufficiency for such individuals;" and that "the continuing

15  existence of unfair and unnecessary discrimination and prejudice denies people

16  with disabilities the opportunity to compete on an equal basis and to pursue those

17  opportunities for which our free society is justifiably famous..."

18    23.    Congress stated as its purpose in passing the Americans with

19  Disabilities Act [42 USC §12101(b)]:

20    It is the purpose of this Act

21    (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

22

23    (2) to provide clear, strong, consistent, <u>enforceable standards</u> addressing discrimination against individuals with disabilities;

24    (3) to ensure that the Federal Government plays a central role in enforcing the standards established in this Act on behalf of individuals with

25    disabilities; and

26    (4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to

27    address the major areas of <u>discrimination faced day-to-day</u> by people with disabilities. (Emphasis added)

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES        -10-        S:\SLR\FRIENDLY CAB\PLEADINGS\FRIENDLYCAB.CMP.wpd

24.     As part of the Americans with Disabilities Act, Public Law 101-336, (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" [42 USC 12181*ff*]. The subject taxi cab and van transportation services company is one of the "private entities" which are considered a "Demand Responsive System" as defined at ADA § 301(3) [42 USC 12181] to mean "any system of providing transportation of individuals by a vehicle, other than a system which is a fixed route system."

25.     Pursuant to §302 [42 USC §12182], "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

26.     Discrimination in pricing for a taxi ride, charging a higher fare for a disabled person using a wheelchair than for a non-disabled person, also violates ADA § 302 [42 USC 12182] in multiple respects, including but not limited to the following:

§ 302(b)(1)(A)(i): "DENIAL OF PARTICIPATION. -- It shall be discriminatory to subject an individual or class of individuals on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, to a denial of the opportunity of the individual or class to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity."

§ 302(b)(1)(A)(ii): "PARTICIPATION IN UNEQUAL BENEFIT -- It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals."

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES     -11-     S:\SLR\FRIENDLY CAB\PLEADINGS\FRIENDLYCAB.CMP.wpd

1    § 302(b)(1)(A)(iii): "SEPARATE BENEFIT -- It shall be discriminatory to

2    provide an individual or class of individuals, on the basis of a disability or

3    disabilities of such individual or class, directly, or through contractual, licensing,

4    or other arrangements with a good, service, facility, privilege, advantage, or

5    accommodation that is different or separate from that provided to other

6    individuals, unless such action is necessary to provide the individual or class of

7    individuals with a good, service, facility, privilege, advantage, or accommodation,

8    or other opportunity that is as effective as that provided to others."

9        27.    Among the specific prohibitions against discrimination "For

10   purposes of subsection (a) of this section," discrimination includes §302(b)(2)(A)

11       (i) the imposition or application of eligibility criteria that screen out
         or tend to screen out an individual with a disability or any class of
12       individuals with disabilities from fully and equally enjoying any
         goods, services, facilities, privileges, advantages, or
13       accommodations, unless such criteria can be shown to be necessary
         for the provision of the goods, services, facilities, privileges,
14       advantages, or accommodations being offered;
         (ii) a failure to make reasonable modifications in policies, practices,
15       or procedures, when such modifications are necessary to afford such
         goods, services, facilities, privileges, advantages, or accommodations
16       to individuals with disabilities, unless the entity can demonstrate that
         making such modifications would fundamentally alter the nature of
17       such goods, services, facilities, privileges, advantages, or
         accommodations

18

19       28.    ADA § 301(3) [42 USC 12181(3)] defines a "Demand Responsive

20   System - The term 'demand responsive system' means any system of providing

21   transportation of individuals by a vehicle, other than a system which is a fixed

22   route system."  Section 302(b)(2)(C) "Demand Response Systems," states that

23       For purposes of subsection (a) of this section, discrimination
         includes –
24       (i) a failure of a private entity which operates a demand responsive
         system and which is not subject to section 304 [section 12184 of this
25       title] to operate such system so that, when viewed in its entirety, such
         system ensures a level of service to individuals with disabilities,
26       including individuals who use wheelchairs, equivalent to the level of
         service provided to individuals without disabilities...

27

28       29.    Further, defendants policies and practices were and are in violation

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -12-    S:\SLR\FRIENDLY CAB\PLEADINGS\FRIENDLYCAB.CMP.wpd

1 | of ADA § 304 [42 USC 12184]:

2 | SEC 304. § 12184. Prohibition of discrimination in specified public transportation services provided by private entities

3 |

4 | (a) General rule - No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of specified public transportation services provided by a private entity that is primarily

5 | engaged in the business of transporting people and whose operations affect commerce.

6 | (b) Construction - For purposes of subsection (a) of this section, discrimination includes

7 | (1) the imposition or application by a entity described in subsection (a) of this section of eligibility criteria that screen out or

8 | tend to screen out an individual with a disability or any class of individuals with disabilities from fully enjoying the specified public

9 | transportation services provided by the entity, unless such criteria can be shown to be necessary for the provision of the services being

10 | offered;
(2) the failure of such entity to–(A) make reasonable

11 | modifications consistent with those required under section 12182(b)(2)(A)(ii) of this title...

12 |

13 | 30.     On information and belief, as of the date of plaintiff's subject

14 | encounter with defendants, and as of the filing of this Complaint, defendants have

15 | denied and continue to deny full and equal access to transportation services to

16 | plaintiff and to other disabled persons, including wheelchair users, in other

17 | respects, which violated plaintiff's rights to full and equal access and which

18 | discriminated against plaintiff on the basis of her disability, thus wrongfully

19 | denying to plaintiff the full and equal enjoyment of the goods, services, facilities,

20 | privileges, advantages and accommodations, in violation of §302 of the ADA, 42

21 | USC §12182.

22 | 31.     Pursuant to the Americans with Disabilities Act, 42 USC 12188ff,

23 | §308, Plaintiff is entitled to the remedies and procedures set forth in §204(a) of

24 | the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), as plaintiff is being subjected

25 | to discrimination on the basis of disability in violation of this title and has

26 | reasonable grounds for believing that she is about to be subjected to

27 | discrimination in violation of §302. On information and belief, defendants have

28 | continued to violate the law and deny the rights of plaintiff and other disabled

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES     -13-     S:\SLR\FRIENDLY CAB\PLEADINGS\FRIENDLYCAB.CMP.wpd

1 persons to full and equal access to this public transportation service since on or
2 before plaintiff's encounter as previously noted.

3      32.  Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the
4 Civil Rights Act of 1964, (42 USC 2000(a)-3(a), and pursuant to Federal
5 Regulations adopted to implement the Americans with Disabilities Act of 1990.
6 Plaintiff is a qualified disabled person for purposes of §308(a) of the ADA who is
7 being subjected to discrimination on the basis of disability in violation of Title III
8 and who has reasonable grounds for believing she will be subjected to such
9 discrimination each time that she may attempt to use a taxi cab or van operated by
10 defendants, and each of them.

11           Wherefore plaintiff prays for relief as hereinafter stated:

12

13

14                                **PRAYER**

15      Plaintiff prays that this Court:

16      1.  Issue a preliminary and permanent injunction directing defendants as
17 owners and/or operators and or agents of the Friendly Cab Company and its taxi
18 cabs and taxi vans to modify their policies and practices as to charging a higher
19 rate and minimum charge for disabled wheelchair users than for other persons, so
20 that said defendants provide full and equal access to their transportation services
21 to all persons, including persons with physical disabilities who use a wheelchair;
22 and issue a preliminary and permanent injunction directing defendants to cease
23 and desist their policies and practices toward similarly situated persons with
24 disabilities, and provide full and equal access to public transportation services, as
25 required by law, including appropriate changes in policy and practices;

26      2.  Retain jurisdiction over the defendants until such time as the Court is
27 satisfied that defendants' unlawful policies, practices, acts and omissions, as
28 complained of herein no longer occur, and can not recur;

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES      -14-      S:\SLR\FRIENDLY CAB\PLEADINGS\FRIENDLYCAB.CMP.wpd

1   3.    Award to plaintiff all appropriate damages, including but not limited

2   to statutory damages, general damages and treble damages in an amount within

3   the jurisdiction of the Court, all according to proof;

4   4.    Award to plaintiff all reasonable statutory attorney fees, litigation

5   expenses, and costs of this proceeding as provided by law;

6   5.    For prejudgment interest pursuant to California Civil Code § 3291;

7   6.    Grant such other and further relief as this Court may deem just and

8   proper.

9

10  Dated:   September 6, 2007                PAUL L. REIN
                                              JULIE A. OSTIL
11                                            LAW OFFICES OF PAUL L. REIN

12

13
                                              Attorneys for Plaintiff
14                                            JEAN RIKER

15

16

17                          **DEMAND FOR JURY**

18          Plaintiff hereby demands a jury for all claims for which a jury is

19  permitted.

20

21  Dated:   September 6, 2007                PAUL L. REIN
                                              JULIE A. OSTIL
22                                            LAW OFFICES OF PAUL L. REIN

23

24
                                              Attorneys for Plaintiff
25                                            JEAN RIKER

26

27

28

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -15-    S:\SLR\FRIENDLY CAB\PLEADINGS\FRIENDLYCAB.CMP.wpd