HANSON BRIDGETT MARCUS VLAHOS & RUDY, LLP
KURT A. FRANKLIN - 172715
KEVIN D. REESE - 172992
425 Market Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 777-3200
Facsimile: (415) 541-9366
kfranklin@hansonbridgett.com
kreese@hansonbridgett.com

Attorneys for Defendants
FRIENDLY CAB COMPANY, INC.; FRIENDLY TRANSPORTATION dba FRIENDLY CAB COMPANY; BALJIT SINGH; SURINDER K. SINGH; and KEVIN ITO

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

JEAN RIKER,

Plaintiff,

v.

FRIENDLY CAB COMPANY, INC; FRIENDLY TRANSPORTATION dba FRIENDLY CAB COMPANY; BALJIT SINGH; SURINDER K. SINGH; KEVIN ITO; JOHN DOE 1; and DOES 2-10, Inclusive,

Defendants.

No. 3:07-cv-04616-EDL

**ANSWER TO COMPLAINT BY DEFENDANTS FRIENDLY CAB COMPANY, INC.; FRIENDLY TRANSPORTATION dba FRIENDLY CAB COMPANY; BALJIT SINGH; SURINDER K. SINGH; and KEVIN ITO**

**Action Filed: September 6, 2007**

Defendants FRIENDLY CAB COMPANY, INC., FRIENDLY TRANSPORTATION (erroneously sued herein as Friendly Transportation dba Friendly Cab Company); BALJIT SINGH, SURINDER K. SINGH, and KEVIN ITO (hereinafter "Defendants"), by their attorneys Hanson, Bridgett, Marcus, Vlahos & Rudy, LLP, hereby answer the Complaint of Plaintiff JEAN RIKER (hereinafter "Plaintiff") and state as follows:

## I. INTRODUCTION

1. Defendants deny the allegations contained in Paragraph 1 of the Complaint to the extent that the Complaint alleges that Friendly Cab Company has a policy of discriminating

against disabled wheelchair users. To the extent that Paragraph 1 contains allegations that are legal conclusions, Defendants neither admit or deny such allegations as they are legal conclusions to which no answer is required. Defendants lack information and belief sufficient to answer the factual allegations in Paragraph 1 regarding Plaintiff's physical condition and, basing their denial on this ground, deny each and every allegation regarding Plaintiff's physical condition. To the extent that an answer is required, and it is not expressly admitted, Defendants deny each and every allegation in this paragraph.

## II. JURISDICTION

2. Defendants admit that this Court has federal question jurisdiction. Except as so expressly admitted, Defendants neither admit nor deny the remaining allegations contained in Paragraph 2 of the Complaint for the reason that such allegations are legal conclusions to which no answer is required. To the extent that an answer is required, and it is not expressly admitted, Defendants deny each and every allegation in this paragraph.

## III. VENUE

3. Defendants admit that venue in this district is appropriate. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 3 of the Complaint.

## IV. INTRADISTRICT

4. Defendants neither admit nor deny the allegations in Paragraph 4 as it contains a legal conclusion for which no answer is required.

## V. PARTIES

5. Defendants lack information and belief sufficient to answer the allegations in Paragraph 5 regarding Plaintiff's physical condition and, basing their denial on this ground, deny each and every allegation in Paragraph 5 of the Complaint regarding Plaintiff's physical condition. Defendants admit that Friendly Cab Company, Inc. operates a taxi-cab business and that such business is owned by certain named defendants. To the extent that the remaining allegations are legal conclusions, no answer is required.

6. Defendants neither admit nor deny the allegations contained in Paragraph 6 for the reason that such allegations are legal conclusions to which no answer is required. To the extent

that an answer is required, Defendants deny each and every allegation contained in this paragraph.

7. With respect to Paragraph 7 of the Complaint, Defendant Friendly Transportation, erroneously sued as Friendly Cab Company, denies that it was an owner or operator of taxi cabs and taxi vans at the time of the alleged incident. Defendants admit that Friendly Cab Company, Inc., operates a taxi-cab business and that such business is owned by certain named defendants. To the extent that the remaining allegations are legal conclusions, no answer is required. Except as so expressly admitted, Defendants deny each and every allegation contained in Paragraph 7 of the Complaint.

## VI. FIRST CLAIM

### Denial of Full and Equal Access-Civil Code §§ 54.1 & 55

8. In response to Paragraph 8 of the Complaint, Defendants herein incorporate their answers to Paragraphs 1 through 7 of the Complaint, as though fully set forth herein.

9. Defendants lack information and belief sufficient to answer the allegations in Paragraph 9 and, basing their denial on this ground, deny each and every allegation in Paragraph 9 of the Complaint.

10. Defendants deny that it was Friendly Cab's policy to charge disabled individuals a different rate for standard taxi service. As to the remainder of the allegations in Paragraph 10, Defendants lack information and belief sufficient to answer theses allegations and, basing their denial on this ground, deny each and every other allegation in Paragraph 10 of the Complaint.

11. Defendants neither admit nor deny the allegations contained in Paragraph 11 for the reason that such allegations are legal conclusions to which no answer is required. To the extent that an answer is required, Defendants deny each and every allegation contained in this paragraph.

12. Defendants neither admit nor deny the allegations contained in Paragraph 12 for the reason that such allegations are legal conclusions to which no answer is required. To the extent that an answer is required, Defendants deny each and every allegation contained in this paragraph.

13. Defendants neither admit nor deny the allegations contained in Paragraph 13 for the reason that such allegations are legal conclusions to which no answer is required. To the extent that an answer is required, Defendants deny each and every allegation contained in this paragraph.

14. Defendants neither admit nor deny the allegations contained in Paragraph 14 for the reason that such allegations are legal conclusions to which no answer is required. To the extent that an answer is required, Defendants deny each and every allegation contained in this paragraph.

15. Defendants neither admit nor deny the allegations contained in Paragraph 15 for the reason that such allegations are legal conclusions to which no answer is required. To the extent that an answer is required, Defendants deny each and every allegation contained in this paragraph.

16. Defendants neither admit nor deny the allegations contained in Paragraph 16 for the reason that such allegations are legal conclusions to which no answer is required. To the extent that an answer is required, Defendants deny each and every allegation contained in this paragraph.

17. Defendants neither admit nor deny the allegations contained in Paragraph 17 for the reason that such allegations are legal conclusions to which no answer is required. To the extent that an answer is required, Defendants deny each and every allegation contained in this paragraph.

## VII. SECOND CLAIM

### Violation of Unruh Civil Rights Act- Civil Code §§ 51 & 52

18. In response to Paragraph 18 of the Complaint, Defendants herein incorporate their answers to Paragraphs 1 through 17 of the Complaint, as though fully set forth herein.

19. Defendants neither admit nor deny the allegations contained in Paragraph 19 for the reason that such allegations are legal conclusions to which no answer is required. Defendants admit the allegations contained in this paragraph only to the extent the language accurately quotes particular statutes, regulations, administrative rules, and case authorities in their full and proper

context. Except as so expressly admitted, Defendants deny each and every allegation contained in this paragraph.

20. Answering Paragraph 20, Defendants deny that Plaintiff is entitled to any relief, in any amount, of any kind, whatsoever, including but not limited to attorneys fees and costs.

**VIII. THIRD CLAIM**

**Violation of ADA – 42 U.S.C. § 12101ff**

21. In response to Paragraph 21 of the Complaint, Defendants herein incorporate their answers to Paragraphs 1 through 20 of the Complaint, as though fully set forth herein.

22. Defendants neither admit nor deny the allegations contained in Paragraph 22 for the reason that such allegations are legal conclusions to which no answer is required. Except as so expressly admitted, Defendants deny each and every allegation contained in this paragraph.

23. Defendants neither admit nor deny the allegations contained in Paragraph 23 for the reason that such allegations are legal conclusions to which no answer is required. Defendants admit the allegations contained in this paragraph only to the extent the language accurately quotes particular statutes, regulations, administrative rules, and case authorities in their full and proper context. Except as so expressly admitted, Defendants deny each and every allegation contained in this paragraph.

24. Defendants neither admit nor deny the allegations contained in Paragraph 24 for the reason that such allegations are legal conclusions to which no answer is required. Defendants admit the allegations contained in this paragraph only to the extent the language accurately quotes particular statutes, regulations, administrative rules, and case authorities in their full and proper context. Except as so expressly admitted, Defendants deny each and every allegation contained in this paragraph.

25. Defendants neither admit nor deny the allegations contained in Paragraph 25 for the reason that such allegations are legal conclusions to which no answer is required. Defendants admit the allegations contained in this paragraph only to the extent the language accurately quotes particular statutes, regulations, administrative rules, and case authorities in their full and proper

context. Except as so expressly admitted, Defendants deny each and every allegation contained in this paragraph.

26. Defendants neither admit nor deny the allegations contained in Paragraph 26 for the reason that such allegations are legal conclusions to which no answer is required. Defendants admit the allegations contained in this paragraph only to the extent the language accurately quotes particular statutes, regulations, administrative rules, and case authorities in their full and proper context. Except as so expressly admitted, Defendants deny each and every allegation contained in this paragraph.

27. Defendants neither admit nor deny the allegations contained in Paragraph 27 for the reason that such allegations are legal conclusions to which no answer is required. Defendants admit the allegations contained in this paragraph only to the extent the language accurately quotes particular statutes, regulations, administrative rules, and case authorities in their full and proper context. Except as so expressly admitted, Defendants deny each and every allegation contained in this paragraph.

28. Defendants neither admit nor deny the allegations contained in Paragraph 28 for the reason that such allegations are legal conclusions to which no answer is required. Defendants admit the allegations contained in this paragraph only to the extent the language accurately quotes particular statutes, regulations, administrative rules, and case authorities in their full and proper context. Except as so expressly admitted, Defendants deny each and every allegation contained in this paragraph.

29. Defendants neither admit nor deny the allegations contained in Paragraph 29 for the reason that such allegations are legal conclusions to which no answer is required. Defendants admit the allegations contained in this paragraph only to the extent the language accurately quotes particular statutes, regulations, administrative rules, and case authorities in their full and proper context. Except as so expressly admitted, Defendants deny each and every allegation contained in this paragraph.

30. Defendants neither admit nor deny the allegations contained in Paragraph 30 for the reason that such allegations are legal conclusions to which no answer is required. Except as

so expressly admitted, Defendants deny each and every allegation contained in this paragraph

31. Defendants neither admit nor deny the allegations contained in Paragraph 31 for the reason that such allegations are legal conclusions to which no answer is required. Except as so expressly admitted, Defendants deny each and every allegation contained in this paragraph.

32. Defendants neither admit nor deny the allegations contained in Paragraph 32 for the reason that such allegations are legal conclusions to which no answer is required. Except as so expressly admitted, Defendants deny each and every allegation contained in this paragraph

## IX. DENIAL UNLESS EXPRESSLY ADMITTED

Defendants deny each and every allegation contained in Plaintiff's Complaint that is not expressly admitted herein.

## X. PRAYER FOR RELIEF

Answering Plaintiff's prayer for relief, Defendants deny that Plaintiff is entitled to any relief for which he prays, or any relief in any amount or of any kind whatsoever.

## XI. SEPARATE DEFENSES

Defendants hereby assert the following defenses to Plaintiff's claims for relief:

### FIRST SEPARATE DEFENSE

As a first and separate defense, Defendants allege that neither the Complaint nor any purported cause of action alleged therein state facts sufficient to constitute a cause of action against Defendants.

### SECOND SEPARATE DEFENSE

As a second and separate defense, Defendants allege that to the extent the Complaint alleges actions barred by the applicable statutes of limitation, Plaintiff's claims are barred.

### THIRD SEPARATE DEFENSE

As a third and separate defense, Defendants allege, on information and belief, that Plaintiff lacks standing.

### FOURTH SEPARATE DEFENSE

As a fourth and separate defense, Defendants allege, on information and belief, that Plaintiff is not a qualified person with a disability.

**FIFTH SEPARATE DEFENSE**

As a fifth and separate defense, Defendants allege, on information and belief, that the modifications to services requested by Plaintiff would fundamentally alter the nature of the services.

**SIXTH SEPARATE DEFENSE**

As a sixth and separate defense, Defendants allege, on information and belief, that the modifications to services requested by Plaintiff would cause an undue hardship.

**SEVENTH SEPARATE DEFENSE**

As a seventh and separate defense, Defendants allege that Plaintiff suffered no actual damages.

**EIGHTH SEPARATE DEFENSE**

As a eighth and separate defense, Defendants allege that Plaintiff's claims are barred by the equitable doctrine of unclean hands.

**NINTH SEPARATE DEFENSE**

As a ninth and separate defense, Defendants allege that Plaintiff's claims, and each of them, are barred, in whole or in part, because all actions taken with respect to Plaintiff were for legitimate, nondiscriminatory reasons.

**TENTH SEPARATE DEFENSE**

As a tenth and separate defense, Defendants allege that Plaintiff by her own conduct has waived any claims she may have against Defendants arising from the incidents asserted in his Complaint.

**ELEVENTH SEPARATE DEFENSE**

As a eleventh and separate defense, Defendants allege that the discriminatory conduct alleged by Plaintiff, if any, was not intentional.

**TWELFTH SEPARATE DEFENSE**

As a twelfth and separate defense, Defendants allege that all alleged conduct and activity of Defendants conformed to statutes, governmental regulations and industry standards existing at the time alleged in the Complaint.

**THIRTEENTH SEPARATE DEFENSE**

As an thirteenth and separate defense, Defendants allege that Plaintiff failed to exercise reasonable and ordinary care, caution or prudence for his own safety in order to avoid the alleged injuries, harm and damages of which he complains. Defendants allege that any injuries, harm or damages allegedly suffered by Plaintiff were the proximate result of Plaintiff's own negligence, acts, omissions or conduct, thereby barring Plaintiff's claim against Defendants.

**FOURTEENTH SEPARATE DEFENSE**

As a fourteenth and separate defense, Defendants allege that Plaintiff and others were careless and negligent with respect to the matters alleged in the Complaint, and such carelessness and negligence proximately contributed to the alleged injuries, losses and damages, if any, and Defendants are entitled to have the amount of any damages recovered by Plaintiff, if any, abated, reduced or eliminated to the extent that Plaintiff's own negligence and/or the conduct, acts or omissions of others caused or contributed to Plaintiff's injuries and damages.

**FIFTEENTH SEPARATE DEFENSE**

As a fifteenth and separate defense, Defendants allege that the alleged injuries, harm and damages, if any, were the proximate result of the sole negligence, acts, omissions or conduct of others, including but not limited to Plaintiff. Accordingly, under the provisions of Civil Code Section 1431.2, Defendants' liability for non-economic damages (including but not limited to pain, suffering, inconvenience, mental suffering, emotional distress, loss of society and companionship, loss of consortium, injury to reputation, and humiliation), if any, is limited in direct proportion to Defendants' percentage of fault.

**SIXTEENTH SEPARATE DEFENSE**

As a sixteenth and separate defense, Defendants allege that any and all injuries or damages claimed by Plaintiff were caused by risks of which Plaintiff was aware or reasonably should have been aware and which Plaintiff reasonably and voluntarily assumed.

**SEVENTEENTH SEPARATE DEFENSE**

As a seventeenth and separate defense, Defendants allege, on information and belief, that Plaintiff has failed to take all reasonable steps necessary to mitigate, minimize or avoid the

damages she alleges to have suffered as a result of any alleged acts by Defendants. Defendants are entitled to have any sums to which Plaintiff is entitled, if any, reduced by said amount as Plaintiff reasonably could have mitigated, minimized or avoided.

**EIGHTEENTH SEPARATE DEFENSE**

As a eighteenth and separate defense, Defendants allege that Plaintiff has failed to state a claim against them for punitive and/or exemplary damages. California Civil Code section 3294.

Because Plaintiff's Complaint is vague, ambiguous and written in conclusory terms, Defendants cannot fully anticipate all legal defenses that may be applicable to this action. Accordingly, Defendants reserve the right to assert additional legal defenses to the extent such defenses are applicable.

WHEREFORE, Defendants pray as follows:

1. That Plaintiff take nothing by this action;
2. That judgment be entered in Defendants' favor;
3. That Defendants recover their costs and attorneys' fees in this proceeding; and
4. For such other and further relief as the Court deems just and proper.

DATED: October 18, 2007

HANSON BRIDGETT MARCUS VLAHOS & RUDY, LLP

By: /s/ Kevin D. Reese, Esq.
Kevin D. Reese
Attorneys for Defendants
FRIENDLY CAB COMPANY, INC.; FRIENDLY TRANSPORTATION dba FRIENDLY CAB COMPANY; BALJIT SINGH; SURINDER K. SINGH; and KEVIN ITO